CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 27 2019

JULIA C. DUDLEY, CLERK
BY: /s/ C. Amos
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

UNITED STATES OF AMERICA and :
COMMONWEALTH OF VIRGINIA, *ex rel.* :
:
TERA DUDIS : CIVIL ACTION NO. 6:19CV00088
:
v. : Jury Trial Demanded
:
CENTRA HEALTH, INC. :
:
and :
:
SURGERY CENTER OF LYNCHBURG : TO BE FILED UNDER SEAL
ANESTHESIA SERVICES, LLC : AND *IN CAMERA*
:
and :
:
RADIATION ONCOLOGY ASSOCIATES :
OF LYNCHBURG, INC. :
:
and :
:
THOMAS ANGELO, WILLIAM ANDREWS, :
JOHN BARNARD, DARIN BOWERS, :
ANGELA BRADY, KAREN BURNHAM, :
PETER CAPRISE, DEAN CLOWER, :
ROBERT COOK, TIMOTHY COURVILLE, :
MICHAEL DIMINICK, DANIEL ELWELL, :
H. C. ESCHENROEDER, RONALD FISHER, :
GAUTHAM GONDI, K. FINNIE GREEN, :
ANITA HILLIARD, JOYCE HUERTA, :
JOSEPH HUTCHISON, DREW KIERNAN, :
RICK LEE, CHRISTINE MARRACCINI, :
ASHLEY MCCOWEN, MICHAEL O'NEILL, :
DAVID PHEMISTER, JOHN PRAHINSKI, :
KAY RICE, CAROL RIGGINS, :
KENNETH SHERBAN, ROBERT SYDNOR, :
STEPHEN TERRY, MATTHEW TOMPKINS, :
HOLLY TRENT, JACOB WISBECK :
and JOSEPH WOMBWELL :
    *Defendants.* :

**COMPLAINT**

1.  This *qui tam* action is brought by Relator Tera Dudis ("Ms. Dudis") in the names of the United States of America and the Commonwealth of Virginia, respectively, to recover damages and penalties arising from the submission of false claims for payment by the defendants under the federal False Claims Act (31 U.S.C 3729 *et seq*.) and the Virginia Taxpayers Against Fraud Act (Code of Virginia § 8.01-216.1 *et seq*.) Ms. Dudis also asserts claims for (i) violation of the "Stark Law" (42 USC § 1395nn) and the "Anti-Kickback Statute" (42 USC § 1320a-7b(b)).

2.  This Complaint alleges an illegal scheme whereby a regional healthcare company, ("Centra Health Inc." or "Centra"), a radiation oncology medical practice ("Radiation Oncology Associates of Lynchburg, Inc." or "Radiation Oncology Associates"), a surgical center ("Surgery Center of Lynchburg Anesthesia Services, LLC" or "Surgery Center") and a host of individually-named defendants conspired to violate the Stark Law and the Anti-Kickback Statute over period of ten years.

The scheme involved radiation treatments given to hundreds of desperate cancer patients who were unlawfully referred by physicians to facilities in which these physicians or their spouses had a direct financial interest and a kickback scheme that saw Centra provide millions of dollars worth of free professional labor and free use of real estate and equipment to these physicians in exchange for referrals by the physicians to Centra's Pearson Cancer Center for radiation treatments. The Complaint further alleges that Centra and the other defendants recruited patients for radiation treatment when such treatments were not medically appropriate, including patients bound for hospice who were given medically unnecessary radiation treatments when they had no hope of recovery, simply because these treatments were lucrative for the defendants.

This conspiracy resulted in thousands of false claims to various entities of the United States of America and the Commonwealth of Virginia, including Medicare, Medicaid, Tricare, the Veterans Administration, FAMIS and other taxpayer-funded insurance and benefit programs.

Centra attempted to cover up this scheme in March of 2018 by crafting a sham contract to cloak the conspiracy in one of the safe harbor exceptions of the Stark Law, but this effort failed. The defendants thereafter knowingly and willfully retained the payments they received from taxpayer-funded programs in direct violation of both the False Claims Act and Virginia Fraud Against Taxpayers Act.

3. Ms. Dudis is an "original source" of the information pertinent to this Complaint as defined by 31 U.S.C. 3720(e)(4).

4. Ms. Dudis did not derive the allegations in this Complaint from public disclosures.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Ms. Dudis' federal False Claims Act counts pursuant to 31 U.S.C. 3732(A) and 28 U.S.C. 1331.

6. This Court has jurisdiction over Ms. Dudis' claim under the Virginia Taxpayers Against Fraud Act pursuant to 31 U.S.C. 3732(B).

7. Venue is proper in this Court because (i) defendants Centra and the Surgery Center are each headquartered in the Western District of Virginia, (ii) defendants Centra and the Surgery Center each conduct business in the Western District of Virginia, (iii) the individually named defendants regularly conduct business in the Western District of Virginia and (iv) the acts alleged in the Complaint occurred in the Western District of Virginia and in the City of Lynchburg.

## PARTIES

8. Plaintiff **United States of America** is sovereign federal government.

9. Plaintiff **Commonwealth of Virginia** is a sovereign state of the United States of America.

10. Relator **Tera Dudis** is a citizen of Virginia who resides in Bedford County. She is a Senior Physicist employed by defendant Centra Health, Inc.

11. Defendant **Centra Health, Inc.** ("**Centra**") is a Virginia non-stock corporation in the business of owning and operating hospitals and other medical businesses, practices and facilities in the Commonwealth of Virginia. Centra owns and operates Lynchburg General Hospital ("LGH"), Virginia Baptist Hospital ("VBH") and the Pearson Cancer Center, all located in Lynchburg, Virginia. Centra is also a part-owner of the Defendant **Surgery Center of Lynchburg Anesthesia Services, LLC.**

12. Defendant **Radiation Oncology Associates of Lynchburg, Inc.** ("**Radiation Oncology Associates**") is a Virginia stock corporation formed in 1989. It is active and in good standing with the Virginia State Corporation Commission and both its headquarters and its principal place of business are in Lynchburg.

13. Defendant **Surgery Center of Lynchburg Anesthesia Services, LLC** (the "**Surgery Center**") is a limited liability company with its headquarters and principal place of business in Lynchburg, Virginia and is registered by the Virginia State Corporation Commission and is licensed by the Virginia Department of Health to provide surgical services.

14. Defendants **William Andrews, John Barnard, Darin Bowers, Karen Burnham, Peter Caprise, Dean Clower, Robert Cook, Timothy Courville, Michael Diminick, Daniel Elwell,**

H. C. Eschenroeder, Ronald Fisher, Gautham Gondi, K. Finnie Green, Joyce Huerta, Joseph Hutchison, Drew Kiernan, Rick Lee, Christine Marraccini, Ashley McCowen, David Phemister, John Prahinski, Kenneth Sherban, Robert Sydnor, Matthew Tompkins, Jacob Wisbeck and Joseph Wombwell (collectively, the "Surgery Center Owners") are current or former owners of defendant Surgery Center of Lynchburg Anesthesia Services, LLC.

15. Defendants **Angela Brady, Michael O'Neill** and **Anita Hilliard** (collectively, the "Radiation Oncologists") are medical doctors and officers of defendant Radiation Oncology Associates of Lynchburg, Inc.

16. Defendant **Carol Riggins** is the Managing Director of the Pearson Cancer Center.

17. Defendant **Kay Rice** is the Manager of the Radiation Oncology Department at the Pearson Cancer Center.

18. Defendant **Thomas Angelo** is a Vice President of Centra and oversees the operation of the Pearson Cancer Center.

19. Defendant **Stephen Terry** is the Director of Physics in the Radiation Oncology Department of the Pearson Cancer Center.

20. Defendant **Holly Trent** is a vice president and general counsel at Centra.

### FACTS

21. Centra is in the business of providing health care services to patients in Central Virginia, including radiation treatment to cancer patients at its Pearson Cancer Center.

22. Centra, Radiation Oncology Associates and the Surgery Center compete with other businesses providing radiation treatments at facilities in Danville, Charlottesville, Roanoke, Raleigh and elsewhere.

23. The Surgery Center has provided surgical services in Lynchburg since 2001.

24. Centra is, or was, a part-owner of the Surgery Center.[1]

25. Radiation Oncology Associates is in the business of providing radiation treatment to cancer patients.

26. The Radiation Oncologists provide radiation treatments at both the Pearson Cancer Center and the Surgery Center and, in addition to their employment by Radiation Oncology Associates of Lynchburg, Inc., are also on Centra's medical staff.

27. Ms. Dudis was hired by Centra in 2016 as a Senior Physicist and she continues to hold that position.

28. As a Senior Physicist, Ms. Dudis oversees the equipment and processes used to provide radiation therapy to cancer patients at Centra's Pearson Cancer Center.

29. Centra accepts Tricare, Medicare, Veterans Administration, FAMIS and Medicaid patients at the Pearson Cancer Center.

30. The Surgery Center also accepts Tricare, Medicare, Veterans Administration, FAMIS and Medicaid patients.

31. The Surgery Center Owners are physicians who have an interest in the Surgery Center.

32. Radiation Oncology Associates also accepts Tricare, Medicare, Veterans Administration, FAMIS and Medicaid patients.

---

1  The Surgery Center website lists its owners at https://surgerycenteroflynchburg.com/owners.html

## KICKBACKS AND SELF-REFERRALS

33. Centra, Radiation Oncology Associates and the Surgery Center have for years engaged in an illegal pattern of kickbacks and self-referrals that have cost taxpayers many hundreds of thousands of dollars.

34. The scheme involves the treatment of patients suffering from prostate cancer with free labor and free use of property and equipment from Centra provided to Radiation Oncology Associates and the Surgery Center in exchange for referrals of other patients to Centra for radiation treatment.

35. Patients are typically diagnosed with prostate cancer by a urologist, who then refers the patient to a radiation oncologist.

36. Centra employs the Radiation Oncologists through payment service agreements with Radiation Oncology Associates.

37. One of the Radiation Oncologists, defendant Anita Hilliard, is married to defendant Timothy Courville who is one of the defendant Surgery Center owners. Dr. Hilliard is the *de facto* leader of the Centra doctors.

38. When a patient is diagnosed with with prostate cancer and radiation therapy is indicated, the patient typically faces a choice of treatment regimens. He can either (i) elect to undergo thirty-nine separate treatment sessions of radiation by means of a linear accelerator, or (ii) elect to first receive treatment by means of radioactive seeds implanted directly in his prostate during a surgical procedure, followed by twenty-five treatment sessions using the linear accelerator. Thus, by electing the surgical procedure, the patient can avoid fourteen treatment sessions. However the surgical procedure involves substantial risks, including potential rectal damage.

39. Over a period spanning at least the nine years prior to March, 2019, the Radiation Oncologists routinely and regularly referred prostate cancer patients to the Surgery Center for treatment instead of referring them to competing facilities.

40. The Radiation Oncologists would push patients to elect the surgical procedure instead of electing additional radiation treatments.

41. Centra provided free equipment to the Surgery Center, including a computer, a printer, a loading machine and a grid marking device. This equipment was used by the Radiation Oncologists in the surgical procedures.

42. The procedure to insert radioactive seeds involves both an initial "volume assessment," during which the characteristics of the tumor are assessed and a plan for insertion of the radioactive seeds into the prostate is formulated, and a subsequent surgical procedure during which the radioactive seeds are actually implanted in the prostate.

43. Each of the above procedures requires the attendance and attention of several Centra employees. In particular, the actual surgical procedure involves approximately three hours of participation by a physicist, a dosimetrist and a radiation technician (nine hours total).

44. For more than nine years, Centra provided the services of its employees and the use of its equipment and facilities to the Surgery Center, to Radiation Oncology Associates and to the individually-named defendant physicians without charge.

45. Ms. Dudis occasionally participated in these surgical procedures.

46. Centra provided thousands of dollars in labor to the Surgery Center without charge for each procedure. The Surgery Center averaged about three procedures per month over nine years.

Thus, the Surgery Center received more than a million dollars in free labor from Centra over a ten-year period.

47. This kickback scheme also resulted in tax fraud because neither the Surgery Center nor the Surgery Center owners reported the income they received through the free labor of Centra's employees or the free use of Centra's equipment.

48. In exchange for receiving free labor and free use of equipment from Centra, the Surgery Center, Radiation Oncology Associates, and the individually named defendants referred the prostate patients and other cancer patients to Centra's Pearson Cancer Center for treatment instead of referring these patients to competing facilities in Charlottesville, Richmond, Roanoke or elsewhere. This arrangement more than made up for the lost business in radiation treatments incurred when patients elected the surgical procedure.

49. The above-described scheme is a classic example of a Stark Law violation because defendant Anita Hilliard is married to defendant Timothy Courville who, as an owner of the Surgery Center, had a direct financial interest in it. Timothy Courville is an "immediate family member" as defined by the Stark Law.

50. Each of the defendant Surgery Center owners (including Centra) benefited from the scheme.

51. In March of 2018, Centra's general counsel, Holly Trent, raised an objection to the above-described kickback and self-referral scheme. Ms. Trent attempted to sweep the matter under the rug by drafting a contract calling for a negligible payment of $50,000 from the Surgery Center to Centra. This draft contract was an attempted sham transaction designed to invoke the "written contract" safe harbor exception to the Stark Law.

52. However, Ms. Trent's plan was thwarted when the Surgery Center refused to execute the contract or to pay the nominal charge for the free labor it received from Centra and for the use of Centra's equipment.

53. The Surgery Center demanded that Centra retrieve its equipment and ceased performing prostate seeding procedures in April, 2019.

54. The above-described scheme is also a classic kickback scheme whereby the Surgery Center and the Surgery Center owners received "off the books" renumeration in the form of free labor and free use of equipment in exchange for referring its patients to Centra for follow-up radiation therapy.

55. A large number of prostate cancer patients are covered by Tricare, the Veterans Administration, Medicaid and Medicare and FAMIS. All of these programs are funded by the United States of America or the Commonwealth of Virginia or both.

56. Centra, Radiation Oncology Associates, the Surgery Center and the individually named defendants repeatedly, willfully and knowingly violated the Stark Law and the Anti-Kickback Statute over the nine-year period preceding April, 2019.

57. Centra, Radiation Oncology Associates, the Surgery Center and the individually named defendants repeatedly, willfully and knowingly submitted false claims for payment to Medicare, Tricare, the Veterans Administration, and Medicaid for treatments provided to prostate cancer patients under the above-described kickback scheme, when such treatments were unlawful and when the claims lacked necessary documentation.

58. Defendants Holly Trent, Kay Rice, Stephen Terry, Carol Riggins and Thomas Angelo conspired to conceal Centra's violations of the Stark Law and the Anti-Kickback Statute.

## FALSE CLAIMS - UNBUNDLING

59. Centra billed Medicare, Tricare, the Veterans Administration, FAMIS and Medicaid for radiation therapy services provided at the Pearson Cancer Center. All of these programs are funded by taxpayers through the treasuries of the United States of America or the Commonwealth of Virginia or both.

60. In the summer and fall of 2019, Centra discovered that for years it had been improperly billing for services that should have been included as part of a "bundle" of radiation therapy. Freda Carson sent emails documenting this overbilling and calling for corrective action, but Centra never reimbursed Medicare, Tricare, the Veterans Administration or Medicaid for the improper payments it knew that it had received as payment for the false claims it submitted for these unbundled services.

61. One of the procedures that Centra offered in the Pearson Cancer Center was image fusion.

62. Image fusions involve the combination of different types of medical imaging; for example a CT scan image and a PET scan image are combined in a manner that provides better information than either of the constituent images.

63. Image fusions are part of the "bundle" of radiation treatment and are not permitted to be billed separately. However, Centra and Radiation Oncology Associates routinely separately billed Medicare, the Veterans Administration, Tricare, FAMIS and Medicaid for these images. This unbundling resulted in payments to which Centra was not entitled.

64. By submitting claims to Tricare, the Veterans Administration, Medicaid and Medicare for unbundled services, Centra and Radiation Oncology Associates falsely and explicitly or

implicitly certified that they had complied with all applicable laws and regulations, including billing laws and regulation.

65. Centra's false certifications were material.

66. Medicare, Tricare, the Veterans Administration, FAMIS and Medicaid paid Centra because of its false certification that it had complied with all applicable laws and regulations, including billing laws and regulations. The United States of America and the Commonwealth of Virginia suffered damages due to payment of these false claims.

## FALSE CLAIMS FOR MEDICALLY UNNECESSARY CARE BY RECRUITING HOSPICE PATIENTS

67. One of the radiation therapies that Centra provides at the Pearson Cancer Center is called SRS (stereotactic radiosurgery).

68. SRS is appropriate for treating small and aggressive lesions in the brain or spine. SRS is not appropriate for treating larger tumors.

69. SRS is a time-intensive and very expensive procedure.

70. Most appropriate SRS patients receive one to three SRS treatments.

71. SRS is not appropriate for terminal cancer patients who have short prognoses.

72. Notwithstanding the above-described limitations on the appropriate use of SRS therapy, the Centra doctors actively recruited terminal cancer patients, including those bound for hospice programs, into SRS treatments, by overstating the value and promise of SRS treatments, thereby deliberately giving these patients and their families false hope of longevity. The Centra doctors recruited these patients only because SRS treatments were lucrative. Most of these patients died within months.

73. Furthermore, many of these terminal cancer patients received four, five or even more SRS treatments, when such treatments had no chance of succeeding and therefore were completely medically unnecessary.

74. By submitting claims for payment to Medicaid, Tricare, the Veterans Administration and Medicare for medically unnecessary SRS treatments, Centra certified, explicitly or implicitly, that the SRS treatments were medically necessary.

75. Centra's false certifications that the SRS treatments were medically necessary were material.

76. Medicare, Tricare, the Veterans Administration and Medicaid paid Centra because of the false claims submitted for medically unnecessary SRS treatments. The United States of America and the Commonwealth of Virginia suffered damages due to payment of these false claims.

## CAUSES OF ACTION

### COUNT 1 – FEDERAL FALSE CLAIMS ACT VIOLATION

31 U.S.C. § 3729(a)(l) Presenting Claims to Medicare, Tricare, the Veterans Administration and Medicaid for Designated Health Services Rendered as a Result of Violations of the Stark Statute

77. Ms. Dudis, as Relator, incorporates and re-alleges all of the foregoing allegations herein.

78. By submitting false claims to Medicare, Tricare, the Veterans Administration and Medicaid, Centra, the Surgery Center and the individually named defendants falsely certified, explicitly or implicitly, compliance with all laws, rules and regulations required for payment of the claims, including, but not limited to, the Stark Law and the Ant-Kickback Statute.

79. By engaging in the acts set forth above, Centra, Radiation Oncology Associates, the Surgery Center and the individually named defendants, by and through their agents, officers and employees, in violation of the False Claims Act, 31 U.S.C. §§ 3729-3723, (i) knowingly

presented or caused to be presented to the Government of the United States of America numerous false or fraudulent claims for payment or approval, (ii) knowingly made, used or caused to be made or used, false records or statements to obtain payment or approval of a false or fraudulent claim by the Government of the United States of America, (iii) knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government and (iv) conspired to violate subparagraph (A), (B), (D), (E), (F), or (G) of 31 U.S.C. § 3729.

80. The United States of America has been damaged as a result of the defendants' violations of the False Claims Act in an amount to be proven at trial.

81. The United States of America is entitled to treble damages due to the defendants' violations of the False Claims Act.

82. The United States of America is entitled to recover civil penalties in the minimum amount of $11,463 and in the maximum amount of $22,927 pursuant to 31 U.S.C. § 3729(a) for each violation of the False Claim Act by any of the defendants.

83. Ms. Dudis, as Relator, is entitled to recover her reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d)(1).

**COUNT 2 – VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT**

84. Ms. Dudis, as Relator, incorporates and re-alleges all of the foregoing allegations herein.

85. Based upon the acts described above, Centra, the Surgery Center and each of the individually named defendants knowingly committed one or more of the following acts in violation of the Virginia Fraud Against Taxpayers Act:

A) Knowingly presented, or caused to be presented to the Commonwealth of Virginia, a

    false or fraudulent claim for payment or approval;

  B) Knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Commonwealth of Virginia.

86. The Commonwealth of Virginia, unaware of the falsity of these claims, records, and statements made by each or any of the defendants, and in reliance on the accuracy thereof, paid money to each or any of the defendants and or the defendants' agents or subsidiaries.

87. The Commonwealth of Virginia and the general public have been damaged by each or any of the defendants' violations of the Virginia Fraud Against Taxpayers Act.

88. The Commonwealth of Virginia is entitled to treble damages due to each or any of the defendants' violations of the Virginia Fraud Against Taxpayers Act pursuant to Code of Virginia § 8.01-216.3.

89. The Commonwealth of Virginia is entitled to recover civil penalties in the minimum amount of $11,463 and in the maximum amount of $22,927 pursuant to Code of Virginia § 8.01-216.3 for each violation of the Virginia Fraud Against Taxpayers Act by each or any of the defendants.

90. Ms. Dudis, as Relator, is entitled to a maximum of twenty-five percent and in any case no less than fifteen percent of any judgment obtained against each or any of the defendants if the Commonwealth intervenes in this action.

91. Ms. Dudis, as Relator, is entitled to a maximum of thirty percent and in any case no less than twenty-five percent of any judgment obtained against each or any of the defendants if the Commonwealth declines to intervene in this action.

92. Ms. Dudis, as Relator, is entitled to recover her expenses, costs and reasonable attorney's fees in bringing forth this action.

**WHEREFORE** with respect to Count One, the Relators, on behalf of herself and the United States of America, request that this Court grant the following relief:

(a) Judgment against defendants in an amount equal to three times the amount of damages the United States of America has sustained because of the defendant's actions, plus a civil penalty of $11,463 to $22,927 for each violation of 31 U.S.C. § 3729 and the costs of this action, with interest, including the costs of the United States of America and the Commonwealth of Virginia;

(b) That the Relator be awarded all costs and expenses, including reasonable attorney's fees;

(c) That in the event the United States of America intervenes in this action, the Relator be awarded 25%, but in no event less than 15% of the proceeds of the resulting judgment or settlement of this action;

(d) That in the event the United States of America does not intervene in this action, the Relator be awarded 30%, but in no event less than 25% of the proceeds of the resulting judgment or settlement of this action;

(e) That the Relator be awarded pre-judgment interest; and

(f) That the United States of America and the Relator receive all such other legal and equitable relief as this Court deems appropriate.

**WHEREFORE** with respect to Count Two, the Relator, on behalf of herself and the Commonwealth of Virginia, request that this Court grant the following relief to which they are entitled under the Virginia Fraud Against Taxpayers Act.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

**TERA DUDIS**
By Counsel

**JAMES RIVER LEGAL ASSOCIATES**
7601 Timberlake Road
Lynchburg, Virginia 24502

P (434) 845-4529
F (434) 845-8536
mvalois@vbclegal.com

By: _____

M. Paul Valois, Esquire
Counsel for Relator
Virginia State Bar No. 72326